IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIAM WRIGHT, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO: |
| AUTO-OWNERS INSURANCE COMPANY, | : | 7:25-cv-37–WLS |
| Defendant. | : | |

## ORDER

Before the Court is the Agreed Confidentiality Agreement and Stipulated Protective Order (Doc. 17) ("Proposed Order") submitted by the Parties on August 15, 2025. The Court has reviewed the Proposed Order which appears appropriate with the following two potential exceptions:

1. Paragraph 5 of the Proposed Order provides, in part that:

> To the extent trial testimony of any Company associate that includes . . . information . . . subject to the protective order, this Order grants the Company the authority to seal the trial transcript to bar dissemination of such trial testimony. . . .

(Doc. 17 ¶ 5). Prior to sealing portions of a trial transcript, the Court must make a determination of what parts of a trial transcript may be properly sealed.[1] In order for the Court to perform its duty, the party or parties desiring to seal a portion of the trial transcript—or other matters or documents—must file a motion at the appropriate time specifying the particular portions of the transcript, matter, or document they request be sealed and providing good cause in support of the motion. Thus, any proposal for sealing should align with the foregoing.

---

[1] The common law right of access is an "essential component of our justice system" and generally affords the public an opportunity to inspect and copy public records. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, this right is not absolute; it can be overcome by a showing of good cause, which may be based on the nature of the information at issue. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). To determine whether disclosure is appropriate, the Court must "balance the respective interests of the parties." *Chicago Tribune Co.*, 263 F.3d at 1313. Generally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

    2.    Paragraph 15 of the Proposed Order provides conflicting deadlines of thirty (30) and ninety (90) days for destruction of confidential information at the conclusion of the case.

Based on the foregoing, on or before **Tuesday, September 2, 2025**, the parties should confer and as appropriate submit an amended Proposed Order addressing the above matters.

**SO ORDERED**, this 20th day of August 2025.

                                      /s/W. Louis Sands  
                                      **W. LOUIS SANDS, SR. JUDGE**  
                                      **UNITED STATES DISTRICT COURT**